Mathews, J.
delivered the opinion of the court.* This is a suit of attachment, in which the plaintiff claims a debt, as set forth in his petition, and requires that the defendant should be compelled to accept an inheritance, descended to him by the death of his son Samuel, or that he, the creditor, on his refusal, should be authorised to accept it in his name and stead. The prayer for an attachment is confined to a credit of the defendant, in the hands of E. Livingston.
The object of the action is to obtain the benefit secured to creditors, by the 83d and 92d articles of the Code, on the subject of accepting *203 or renouncing successions, and the prayer for an attachment is intended to give jurisdiction to the court ; the defendant being an inhabitant of another state, where an ordinary process of citation could not reach him. So far as it relates to the credit, attached in the hands of the garnishee, it is clear that before service of the attachment, the defendant had legally assigned it over to other persons, and it was not then liable to be attached as his property, and did not afford means to the court of jurisdiction in the cause.
The petition states the testament of Samuel Winter, the son of the defendant, sets forth the legal claim and right of the father to one third of the succession as forced heir ; although the whole had been willed away by the testator, and prays that his executors should be enjoined from disposing of the estate, as directed by his will. In pursuance of this prayer, an injunction was allowed by the judge of the court o quo ; and a writ of attachment having issued in general terms was served on the executors and all the property of the defendant in their possession was attached.
Admitting that the court had no jurisdiction by the levy of the attachment on the credit in. the hands of Livingston ; it is contended on the *204 part of the plaintiff “ that the defendant being forced heir to his son is seized de plein droit, and of course that the succession is a property liable to attachment.”
The provisions of the code, which authorise the creditors of an insolvent debtor to accept an inheritance, which the latter may have fraudulently renounced to their prejudice, are so evidently just and equitable, that the court perhaps, in its anxiety to give them effect, did not allow, on the first hearing of the cause sufficient importance to the objection of the defendant, made to the jurisdiction of the court below ; on the ground of the attachment being limited to a specific credit, which had ceased to exist at the time of levying it. Being of opinion that the district court was correct, in considering the execution of the writ of attachment, beyond the prayer of the plaintiff’s petition, as irregular and void, it is unnecessary to investigate the question whether or no, forced heirs are seized of an inheritance in such a manner, as to subject it to be attached by their creditors, before acceptance. We would only remark that it is one of considerable difficulty in its solution, and that perhaps some further legislative provisions would he necessary to enable our courts to carry into effect the articles of the code above cit *205 ed, in cases like the present where ordinary process cannot reach the heir.
If the suit is not sustained by the proceedings on the attachment, it is clear that no legal measures have been taken to compel the appearance of the defendant. The answer of a person appointed by the court does not cure the defect in the levy of the attachment, which so far from waiving, he pleads in opposition to the jurisdiction assumed in the cause. The eighth article of the code on the subject of curatorship of absent persons is relied on by the appellant’s counsel, as giving authority to the judge of the district court, to appoint a defender for the appellee, and that, in consequence of such appointment, he was brought legally before the court to have his rights decided on.
We believe that this rule is not applicable to cases like the present, which is a suit instituted directly against the absent person, not one pending before the court, in which his rights and claims may be involved.
This view of the case precludes the necessity of enquiring into any of the other matters offered for consideration.
It is, therefore, ordered, adjudged and decreed, that the judgment of the court a quo be affirmed with costs.

 Martin, J. did not join in this opinion, having been of counsel in the cause.